UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ENID N. C. O.,[1]

                               Plaintiff,                    5:21-cv-00191 (BKS/CFH)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

                               Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman, United States Attorney
Amelia E. Stewart, Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**Hon. Brenda K. Sannes, Chief United States District Judge:**

                               **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

       Plaintiff Enid N. C. O. filed this action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking

review of a decision by the Commissioner of Social Security (the "Commissioner") finding that

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

Plaintiff was not disabled and ineligible for the disability insurance and supplemental security income benefits for which she applied. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Christian F. Hummel for a Report and Recommendation. (Dkt. No. 4); N.D.N.Y. L.R. 72.3(d). On August 5, 2022, after reviewing the parties' briefs and the Administrative Record,[3] (Dkt. Nos. 14, 17, 20), Magistrate Judge Hummel issued a Report and Recommendation recommending that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed. (Dkt. No. 21). Plaintiff filed objections to the Report and Recommendation, and Defendant responded. (Dkt. Nos. 22, 23). For the following reasons, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## II.   STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 14), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.  ANALYSIS

The parties have not raised any objections to the facts or the legal framework set forth in the Report and Recommendation. (*See* Dkt. No. 21, at 2–6). The Court therefore adopts Magistrate Judge Hummel's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report and Recommendation, Magistrate Judge Hummel found that: (1) the ALJ utilized the proper legal standard in evaluating the opinion of Plaintiff's treating physician, Kristen Graves, M.D., and that substantial evidence supported the ALJ's conclusion that Dr. Graves's opinion was "somewhat persuasive," (Dkt. No. 21, at 7–19); and (2) the ALJ employed the proper legal standard in evaluating the opinion of Plaintiff's treating therapist, Jessica Njoku, LMSW, and that substantial evidence supported the ALJ's finding that Njoku's opinion was "not persuasive," (*id.* at 20–27). Notably, while Plaintiff's objections concern the ALJ's analysis of the opinions of Dr. Graves and Njoku, her objections are narrow; Plaintiff has not objected to the Magistrate Judge's finding that the ALJ considered the supportability and consistency factors in evaluating the opinions of Dr. Graves and Njoku, and thus employed the proper legal standard, (Dkt. No. 21, at 9–10, 21–27). *See, e.g.*, 20 C.F.R. § 404.1520c(b)(2) (providing that the two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [he] considered the supportability and consistency factors" for a medical opinion); *see also* 20 C.F.R. § 416.920c(b)(2). Having reviewed the Magistrate Judge's findings regarding supportability and consistency, as well as all

3

other aspects to which neither party has raised a specific objection, and having found no clear error, these aspects are adopted. Accordingly, the Court turns to Plaintiff's objections.

### A. Kristen Graves, M.D.

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ adequately explained why he rejected standing, walking, and lifting limitations her treating physician, Kristen Graves, M.D., identified in her December 12, 2019 opinion.[4] (Dkt. No. 22, at 1–2; R. 604–07). Specifically, Plaintiff argues that while the ALJ explained why he rejected the manipulative limitations Dr. Graves identified, the ALJ did not explain why he rejected the exertional limitations Dr. Graves identified, and asserts that the Magistrate Judge's conclusion was based on an improper "post-hoc analysis" of the administrative record. (Dkt. No. 22, at 2).

This objection is without merit. First, there is no basis for concluding that the ALJ rejected Dr. Graves's December 2019 opinion regarding Plaintiff's ability to lift or carry. Indeed, the ALJ's determination regarding Plaintiff's RFC to lift or carry *corresponds* with Dr. Graves's opinion that Plaintiff can lift or carry 10 pounds "occasionally." (R. 604; *see* R. 24 (ALJ finding "claimant can lift and carry, and push and pull, 10 pounds occasionally")). Plaintiff, however, argues that this is a misreading of Dr. Graves's opinion. Plaintiff acknowledges that Dr. Graves opined that Plaintiff could lift or carry "10 pounds" and "less than 10 pounds" "occasionally," but points out that when asked how much weight Plaintiff could "frequently" lift or carry, Dr. Graves responded "less than 10 pounds"— "if at all." (R. 604). Plaintiff asserts that Dr. Graves's "if at all" remark also applies to her opinion that Plaintiff can "occasionally" lift or carry up to 10 pounds. (Dkt. No. 22, at 2). Plaintiff argues that the ALJ was therefore required to explain why

---

[4] Dr. Graves also provided an earlier opinion, dated July 3, 2019, (R. 578); Plaintiff does not take issue with the ALJ's consideration of this opinion.

4

he rejected Dr. Graves's opinion and on what evidence he relied in finding Plaintiff could lift or carry 10 pounds occasionally. (Dkt. No. 22, at 2 (arguing that "the ALJ did not explain how a limitation to lifting 10 pounds 'if at all,' translated into occasional lifting limitations.")). The Court finds that the ALJ's reading of Dr. Graves's opinion is supported by substantial evidence. Dr. Graves wrote "if at all" next to her opinion regarding the amount of weight Plaintiff can lift or carry "frequently," but made no qualifying remark next to her opinion regarding the amount of weight Plaintiff can lift or carry "occasionally":

1. Are **LIFTING/CARRYING** affected by the impairment?  ☐ No ☑ Yes
   If "yes," how many pounds can the individual lift and/or carry?
   **Frequently** means occurring one-third to two-thirds of an 8-hour workday (cumulative, not continuous).
   **Occasionally** means occurring from very little up to one-third of an 8-hour workday (cumulative, not continuous).

   **Occasionally** lift and/or carry (including upward pulling)
   (maximum) -when less than one-third of the time or less than 10 pounds, explain the amount (time/pounds) in item 5.
   ☒ less than 10 pounds
   ☒ 10 pounds
   ☐ 20 pounds
   ☐ 25 pounds
   ☐ 50 pounds
   ☐ 100 pounds or more

   **Frequently** lift and/or carry (including upward pulling)
   (maximum) - when less than two-thirds of the time or less than 10 pounds, explain the amount (time/pounds) in item 5.
   ☒ less than 10 pounds    — if at all.
   ☐ 10 pounds
   ☐ 20 pounds
   ☐ 25 pounds
   ☐ 50 pounds
   ☐ 100 pounds or more

(R. 604). Thus, the ALJ's RFC finding mirrors Dr. Graves's opinion almost exactly—the ALJ found Plaintiff had the RFC to "occasionally" lift or carry 10 pounds and there is no finding that Plaintiff could lift or carry any amount of weight on a frequent basis. (*Id.*). Accordingly, on de novo review, the Court concludes that the ALJ adequately explained his reasoning with respect to his finding as to Plaintiff's RFC to lift or carry and that his finding is supported by substantial evidence.

Second, the Court finds no error in the ALJ's rejection of the standing and walking aspect of Dr. Graves's December 2019 opinion. Dr. Graves opined that Plaintiff could stand or walk "*less* than 2 hours in an 8-hour workday." (R. 604) (emphasis added). The ALJ found that Plaintiff had the RFC to "stand or walk for two hours of an eight-hour workday." (R. 24). The ALJ's RFC finding as to Plaintiff's ability to stand and walk is therefore slightly greater than that reflected in Dr. Graves's opinion. As the Magistrate Judge noted, the ALJ did not expressly discuss "this deviation from Dr. Graves' opinion." (Dkt. No. 21, at 12). While the ALJ did not expressly state why he rejected Dr. Graves's opinion that Plaintiff was limited to standing or walking "less than 2 hours in an 8-hour workday," (R. 604), because the Court can glean the ALJ's rationale from the record, the error, if any, was harmless. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

Here, the ALJ's consideration of the other opinion evidence in the record, as well as the objective medical evidence, reveals his rationale. Specifically, the ALJ found Plaintiff's standing and walking limitations to be more severe than those opined by the consultative examiner and Dr. Graves in her earlier, July 2019 opinion, (*see* R. 27 (finding consultative examiner's opinion "that the claimant had no gross physical limitations" was "not fully consistent with later examinations" and finding that Dr. Graves's July 2019 opinion that Plaintiff had no limitation in standing or walking was not supported by the "evidence of record," which indicated "limitations . . . in standing and walking")), but less severe than those articulated in Dr. Graves's December 2019 opinion, (*see* R. 24 (finding Plaintiff had the RFC to stand and walk 2 hours in an 8-hour

workday)). Further, as the Magistrate Judge observed, the ALJ in fact discussed his rationale for finding that, while Plaintiff's limitations were not so severe as to be disabling, they were severe enough that she "should not be performing more" than sedentary work: "two paragraphs after the ALJ's discussion of Dr. Graves' opinion, the ALJ stated that although records indicate that plaintiff had 'several limitations as a result of her impairments,'" including "ongoing pain . . . cervicalgia and migraines, and left ankle swelling and pain," "'imaging has shown minimal findings . . . the claimant typically demonstrates good strength and range of motion" and her "demonstrated deficits . . . have improved with treatment.'" (Dkt. No. 21, at 13 (quoting R. 27–28)). Therefore, because the Court can glean the rationale for the ALJ's rejection of Dr. Graves's opinion that Plaintiff could stand and walk less than 2 hours in an 8-hour workday, and there is substantial evidence, based on the consultative examiner's opinion as well as Dr. Graves's July 2019 opinion, (R. 336, 578),[5] to support the ALJ's finding that Plaintiff can stand and walk 2 hours in an 8-hour workday, the Court finds, on de novo review, that Plaintiff's objection is without merit. *See Christina M.F. v. Berryhill*, No. 17-cv-840, 2019 WL 147463, *7, 2019 U.S. Dist. LEXIS 3833, at *19 (N.D.N.Y. Jan. 9, 2019) (stating that "the ALJ did precisely what she was expected to do: consider all of the opinion evidence and balance the differing opined limitations in light of the evidence as a whole when formulating the RFC"); *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (explaining that the RFC formulated by the ALJ need not "perfectly correspond with any of the opinions of medical sources cited in his decision,

---

[5] Plaintiff only argues that the ALJ was required, but failed, to explain why he did not adopt Dr. Graves's standing and walking limitations, (*see, e.g.*, Dkt. No. 22, at 1 (arguing that "[t]he Court should decline to adopt the Magistrate Judge's conclusion that the ALJ properly explained his rational [sic] in rejecting portions of Dr. Graves' opinion")); Plaintiff does not object to the Magistrate Judge's conclusion that substantial evidence supported the ALJ's rejection of aspects of Dr. Graves's opinion. (Dkt. No. 21, at 15–17 (explaining that record evidence, including consultative examiner's notes of "normal gait, reflexes, strength" but that Plaintiff could not "heel or toe walk" or squat due to ankle pain during exam as well as "diagnostic images, treatment notes, and the 2019 form opinion" "constitute substantial evidence in support of the ALJ's conclusions as to . . . the ultimate RFC determination" that Plaintiff could stand or walk 2 hours in an 8-hour workday, but not more)).

[because an ALJ is] entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole").

### B. Jessica Njoku, LMSW

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ properly evaluated Njoku's opinion regarding Plaintiff's mental health. (Dkt. No. 22, at 3). The Commissioner responds that because Plaintiff "identifies no legal error" in the Report and Recommendation and "instead . . . merely reiterates her original objections about the ALJ's reasoning," the clear error standard applies. (Dkt. No. 23, at 4). In her objection, Plaintiff quotes two sentences from the Report and Recommendation, both of which she appears to agree with, (*see, e.g.*, Dkt. No. 22, at 3 (noting that "[t]he Magistrate Judge acknowledged that an ALJ commits legal error resting his determination on a snapshot of a claimant's status because that episode 'may not be indicative of her longitudinal mental health'" and that the "ALJ acknowledged the cyclical nature of plaintiff's mental health symptoms" (quoting Dkt. No. 21, at 22))), and then asserts that "the ALJ does not explain why [Plaintiff's] stable, calm and engaged presentation was inconsistent with" the limitations Njoku identified, (*id.* at 3). As this argument fails to identify "the specific portions of the [Report and Recommendation] that the objector asserts are erroneous" or "provide[] a basis for this assertion," the Court has reviewed for clear error and has found none. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted).

### IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 21) is **ADOPTED**; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: September 9, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge